THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIERRA CLUB, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BNSF RAILWAY COMPANY,<br><br>　　　　　Defendant. | CASE NO. C13-0967-JCC<br><br>ORDER GRANTING PLAINTIFF'S PROTECTIVE ORDER & DENYING DEFENDANT'S MOTION TO COMPEL |

This matter comes before the Court on Plaintiff National Resource Defense Council's motion for a protective order (Dkt. No. 163) and Defendant BNSF Railway Company's motion to compel (Dkt. No. 167). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiff's motion for a protective order and DENIES Defendant's motion to compel for the reasons explained herein.

I.   BACKGROUND

Plaintiffs, Sierra Club, *et al.*, sued Defendant, BNSF Railway Company ("BNSF"), for allegedly "discharging coal, petcoke, and other pollutants from its railcars into waterbodies throughout the State of Washington without a Clean Water Act [('CWA')] permit." (Dkt. No. 163 at 1.) Near the close of discovery, Defendant served a Rule 30(b)(6) deposition notice on Plaintiff Natural Resources Defense Council ("NRDC"). (*Id.* at 1.) Additionally, Defendant

served all Plaintiffs in this action with Interrogatories 10-12. (*See* Dkt. No. 167 at 3.)

NRDC moves for a protective order over four topics in Defendant's Rule 30(b)(6) deposition notice: (1) Topic 1(d), requesting information regarding NRDC's "programs or activities relating to coal or petoke"; (2) Topic 2, seeking the factual bases for the allegations in paragraphs 45-49 and 51-58 in NRDC's complaint; (3) Topic 7, seeking to depose a Rule 30(b)(6) witness regarding all of NRDC's 12 interrogatory responses; and (4) Topic 9, requesting information regarding "the search performed of [NRDC's] files, business records, and/or archives for documents responsive to BNSF discovery requests." (Dkt. No. 163 at 3.)

Defendant moves to compel Plaintiffs' responses to Interrogatories 10-12, arguing that Plaintiffs have not complied with the interrogatories' directive by failing to provide individual, verified responses to Interrogatories 10-12 and failing to provide full discharge-by-discharge responses to Interrogatory 10. (Dkt. No. 167 at 3.)

## II. DISCUSSION

### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information is that which is "reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). "Discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Discovery boundaries include when "the discovery sought is unreasonably cumulative or duplicative," "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties'

resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii). District courts have broad discretion in determining the proper scope of discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Phillips ex rel. Estate of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211-12 (9th Cir. 2002).

### B.  NRDC's Motion for a Protective Order

The Court first addresses NRDC's motion for a protective order. The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" during the discovery process. Fed. R. Civ. P. 26(c)(1). "The party opposing disclosure has the burden of proving 'good cause,' which requires a showing that specific prejudice or harm will result if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).

#### a.  Topic 1(d): Programs and Activities Relating to Coal or Petoke

NRDC argues that Topic 1(d), which seeks information regarding NRDC's programs or activities relating to coal or petoke, infringes on its First Amendment right of free association by encompassing a wide range of internal strategies and affairs. (Dkt. No. 163 at 4.) Further, NRDC argues that because Topic 1(d) does not seek information directly relevant to any of Defendant's asserted defenses, it does not fall within the scope of this litigation's discoverable information. (*Id.* at 5.)

Defendant alleges that NRDC has failed to make an adequate showing of how such disclosures implicate its First Amendment rights. (Dkt. No. 171 at 7.) Further, Defendant contends that even if NRDC could adequately demonstrate that disclosure would violate its First Amendment rights, the information sought should "nevertheless be disclosed because it is

'highly relevant' to the claims and defenses in this litigation and is of great interest to BNSF in its defense." (*Id*. at 8.)

A claim that discovery infringes on a party's First Amendment right of free association "is subject to a two-part framework." *Perry v. Schwarzenegger*, 591 F.3d 1126, 1140 (9th Cir. 2009). First, the party asserting the privilege "'must demonstrate ... a 'prima facie showing of arguable'" First Amendment infringement. *Perry*, 591 F.3d at 1140 *(quoting Brock v. Local 375, Plumbers Int'l Union of Am.,* 860 F.2d 346, 349–50 (9th Cir.1988)). The evidence offered need only demonstrate that First Amendment infringement is reasonably probable to result from compelled disclosure. *Brock v. Local 375, Plumbers Int'l Union of Am.,* 860 F.2d 346, 350 (9th Cir. 1988). Second, if the party asserting the privilege makes the necessary prima facie showing, then the burden shifts to the opposing party to demonstrate that the interest in disclosure of the information sought outweighs the harm of compelling such disclosure. *Perry*, 591 F.3d at 1140. Importantly, "the party seeking the discovery must show that the information sought is highly relevant to the claims or defenses in the litigation—a more demanding standard of relevance than that under Federal Rule of Civil Procedure 26(b)(1)." *Perry*, 591 F.3d at 1140–41.

Defendant contends that NRDC has failed to demonstrate a prima facie showing of First Amendment infringement because it fails to support its assertions with facts, and only provides subjective support in the form of a declaration. However, such declarations have sufficed to demonstrate that First Amendment infringement is reasonably probable. *See, e.g.*, *Perry*, 591 F.3d at 1143 (finding declarations expressing how compelled disclosure would negatively impact an individual's desire to freely associate sufficient to make a prima facie showing of First Amendment infringement). The declaration provided by NRDC states that a Rule 30(b)(6) deposition on this topic "would severely chill the free and necessary exchange of information"

within the organization by negatively impacting NRDC's staff members' ability to talk "openly among themselves about their work," resulting in the organization being less effective at serving its members' interests and its organizational mission. (Dkt. No. 164 at 2.) Thus, NRDC has succeeded in making a prima facie showing of infringement.

As NRDC has adequately demonstrated a prima facie showing of infringement, Defendant must demonstrate that the information sought in Topic 1(d) is highly relevant to its preemption defense and that the information sought cannot be obtained from another source. *See Perry*, 591 F.3d at 1144. In analyzing Defendant's position, the Court finds that it has failed to do so. Defendant "can obtain much of the information [it seeks] from other sources, without intruding on protected activities." *Id*. As NRDC has indicated, witnesses previously answered this question in depositions. (Dkt. No. 173 at 2.) Further, NRDC has agreed to have a witness testify in a deposition regarding the remedy it will seek in this litigation. (*Id*.) Thus, there appears to be no genuine need for Defendant to depose a Rule 30(b)(6) witness on this topic, and the information sought in Topic 1(d) is protected by NRDC's First Amendment right of free association.

Accordingly, NRDC's motion for a protective order of Topic 1(d) is GRANTED.

**b. Topic 2: 30(b)(6) Deposition on Factual Bases for Allegations in Complaint**

Topic 2 seeks to depose a Rule 30(b)(6) witness about the factual bases for NRDC's allegations contained in paragraphs 45-49 and 51-58 of Plaintiffs' Third Amended Complaint. (*See* Dkt. No. 163 at 6.) NRDC argues that Topic 2 is improper because this information "is fully addressed in Plaintiffs' expert disclosures," and that "given the nature of the issues encompassed" in Topic 2, it is "far better suited to expert discovery than to a Rule 30(b)(6)

deposition." (*Id.* at 6, 8.) Further, NRDC contends that allowing a 30(b)(6) deposition on this topic would infringe on attorney work product protections because its allegations regarding Defendant's "polluting activities and failure to control that pollution" are based on Plaintiffs' attorneys' investigation and review of underlying information that has already been disclosed in discovery, "which is classic attorney work product." (*Id.* at 8-9.)

Defendant alleges that NRDC's expert reports do not constitute facts underlying NRDC's claims, but are solely "theories about coal discharges from rail cars generally, impacts on waterways from alleged coal losses, and whether physical samples collected by Plaintiffs could be composed of coal materials." (Dkt. No. 171 at 10.) According to Defendant, it is "entitled to know the factual basis for each one of these specific allegations" because CWA violations "must be based on actual discharges that are proven to have occurred on specific days." (Dkt. No. 171 at 11.) Thus, Defendant contends that Topic 2 is merely asking NRDC to prepare a witness to testify to information that it is entitled to—the factual bases underlying NRDC's allegations in the relevant paragraphs of its complaint. (*Id.* at 9–10.)

To the extent Defendant asserts it is entitled to a Rule 30(b)(6) deposition because NRDC has not provided a sufficient factual basis for its claims, the Court disagrees. It is improper for the Court to make a determination regarding the factual sufficiency of NRDC's claim at this time. The proper time to raise such allegations is at summary judgment, and not through a Rule 30(b)(6) deposition.

Accordingly, the Court will address Defendant's request to depose a Rule 30(b)(6) witness about the evidence supplied by NRDC in support of its claims, without ruling on its factual sufficiency. The Court agrees that the experts who have drafted the expert reports in question are better qualified to testify about their contents than a Rule 30(b)(6) witness. *See also*

*Trustees of Boston Univ. v. Everlight Elecs. Co.*, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b) (6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery."); *Boyer v. Reed Smith, LLP*, 2013 WL 5724046, at *3 (W.D. Wash. Oct. 21, 2013) (adopting a determination that a Rule 30(b)(6) witness ought not respond to questions on the basis that they sought expert opinion).

Outside of these expert reports, the underlying factual information sought by Defendant has already been disclosed. For this reason, the Court concludes that deposing a Rule 30(b)(6) witness on this topic would fail to produce any new or meaningful information and would only serve to reveal NRDC's attorneys' interpretation of previously provided information.

Accordingly, NRDC's motion for a protective order of Topic 2 is GRANTED. If NRDC uncovers new factual information in support of its allegations, it is required to supplement and update its discovery responses accordingly. *See* Fed. R. Civ. P. 26(e).

### c. Topic 7: 30(b)(6) Deposition on Interrogatory Responses

In Topic 7, Defendant seeks to depose a Rule 30(b)(6) witness regarding all of NRDC's previous interrogatory responses. NRDC argues that Defendant has no legitimate reason for doing so, other than the fact that its interrogatory responses were verified by an attorney. (Dkt. No. 163 at 10.) Further, NRDC contends that because its interrogatory responses are complete, a Rule 30(b)(6) witness would add nothing to its responses, making this request unnecessarily duplicative. (*Id.*)

Defendant argues that "it is inappropriate for an attorney to verify a party's interrogatory responses," and that they are seeking to "depose an NRDC 30(b)(6) witness about those responses" as a "professional courtesy, to avoid the need to depose or call NRDC counsel . . . as

a fact witness at trial." (Dkt. No. 171 at 12.)

It is well established that the signature of an organization's "attorney satisfies the verification requirement for interrogatory answers." *Carramerica Realty Corp. v. NVIDIA Corp.*, 2010 WL 2629760, at *3 (N.D. Cal. June 29, 2010); *see also* Fed. R. Civ. P. 33(b)(1)(B). Thus, attorney verification of NRDC's interrogatory responses cannot serve as a basis for Defendant's desire to depose a Rule 30(b)(6) witness about the contents of the entirety of those responses. Further, the Court questions whether a Rule 30(b)(6) witness would be capable of meaningfully testifying on this topic.

Accordingly, NRDC's motion for a protective order of Topic 7 is GRANTED.

### d. Topic 9: 30(b)(6) Deposition on Search for Responsive Documents

Topic 9 seeks to depose a Rule 30(b)(6) witness about "the search performed of NRDC's files, business records, and/or archives for documents responsive to BNSF's discovery requests." (Dkt. No. 163 at 3.) NRDC argues that because all of its "document searches were overseen and managed by counsel, . . . most, and perhaps all, responsive testimony would therefore be protected as attorney work product or through attorney-client privilege." (*Id*. at 11.)

Parties may not seek information in discovery that is protected by attorney-client privilege or the work product doctrine. *See* Fed. R. Civ. P. 26(b)(3)(A); Fed. R. Civ. P. 26(b)(5)A). Attorney-client privilege protects confidential disclosures made to an attorney by a client to obtain legal advice, as well as the attorney's advice in response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). Attorney work product consists of "documents and tangible things that are prepared in anticipation of litigation or for trial by . . . another party." Fed. R. Civ. P. 26(b)(3)(A). Attorney work product may be discoverable if the interrogating party demonstrates "substantial need for the material to prepare its case and cannot,

without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). However, even when substantial need is demonstrated, attorney "mental impressions, conclusions, opinions, or legal theories" are afforded particularly strong protection. *See* Fed. R. Civ. P. 26(b)(3)(B).

Defendant argues that the "propriety of asking a 30(b)(6) representative what an entity did to search for responsive documents is well settled." (Dkt. No. 171 at 13.) Defendant supports this assertion by citing cases in the District of Nevada and the District of Idaho, arguing that these cases demonstrate that such requests are routinely granted. *See Ballentine v. Las Vegas Metro. Police Dep't*, 2016 WL 2743504, at *6 (D. Nev. May 9, 2016); *Stewart Title Guar. Co. v. Credit Suisse*, 2014 WL 7186805, at *1–2 (D. Idaho Dec. 16, 2014). Further, it contends that there is a basis to believe that NRDC "did not perform an adequate search for responsive documents" because NRDC represented that it had no bylaws, and thus could not produce them in discovery, when it does have bylaws. (Dkt. No. 171 at 13.) According to Defendant, this justifies a Rule 30(b)(6) deposition regarding NRDC's efforts to locate documents responsive to Defendant's discovery requests.

The Court disagrees. Defendant's sole justification for requesting the information in Topic 9 is that NRDC failed to initially provide a single responsive document over the course of a very lengthy and complex discovery process. Further, given the amount of discovery produced over the course of this litigation, and the length of time that discovery has been ongoing, the Court fails to see how a Rule 30(b)(6) witness could meaningfully testify on this topic. While NRDC did fail to produce a responsive document, it remedied its error immediately when Defendant brought it to NRDC's attention. (Dkt. No. 163 at 11.) Further, as NRDC indicates, all discovery requests were overseen by attorneys for its organization, thus much of the information

requested by Defendant is likely protected by attorney-client privilege and the work product doctrine. *See Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082, at *9 (N.D. Ill. Jan. 24, 2000) ("As Defendants are aware, answering requests for production and interrogatories customarily is performed with the assistance of counsel. Thus, the proposed area of inquiry improperly trespasses into areas of work product and attorney-client privilege.")

Accordingly, NRDC's motion for a protective order of Topic 9 is GRANTED.

### C. Defendant's Motion to Compel

The Court now turns to Defendant's motion to compel. A motion to compel may be made if a "party fails to answer an interrogatory." Fed. R. Civ. P. 37(a)(3)(B)(iii). An "evasive or incomplete disclosure, answer, or response must be treated as failure to . . . answer." Fed. R. Civ. P. 37(a)(4).

#### a. Individual, Verified Responses to Interrogatories 10–12

Defendant first argues that Plaintiffs' response to Interrogatories 10–12 fails to comply with its request because Plaintiffs responded jointly when the interrogatories were directed to each Plaintiff organization individually. (Dkt. No. 167 at 5.) In support of this position, Defendant argues that "Rule 33 specifies that 'interrogatories must be answered . . . by the party to whom they are directed.'" (*Id*. at 8); *see also* Fed. R. Civ. P. 33(b)(1)(A). Further, Defendant objects to the fact that the responses submitted by Plaintiffs were unverified. (*Id*. at 3.)

Plaintiffs contend that joint responses are appropriate in this case because "the facts set forth in response to Interrogatory 10–12 are facts that are believed to be true by *all* of the Plaintiff organizations." (Dkt. No. 176 at 3.) Plaintiffs further assert that this is not "a situation where each individual organization has their own, separate facts that serve as the basis for the legal claims raised in this litigation," or where "each individual Plaintiff organization can obtain

a finding of liability only for those discharges that its members or representatives testify about or verify in their discovery responses." (*Id.* at 4.)

The Court agrees that joint responses are appropriate here. Plaintiffs brought this lawsuit collectively and assert the same set of facts in support of their allegations. Plaintiffs have provided the names of individuals alleging to have witnessed specific discharges, providing Defendant with sufficient information regarding who to question about those allegations. Given that Plaintiffs' individual responses would be identical if the Court compelled them to respond individually, the Court deems this request duplicative. (*See* Dkt. No. 176 at 4.)

Accordingly, Defendant's motion to compel individual responses to Interrogatories 10–12 is DENIED. However, the lack of verification should be cured. Plaintiffs are directed to individually verify their joint response within seven days of this order.

### b. Discharge-by-Discharge Responses to Interrogatory 10

Defendant further argues that it is entitled to full, discharge-by-discharge responses to Interrogatory 10. Interrogatory 10 directs "each Plaintiff to identify the types of factual information necessary to carry the burden of proof 'for each alleged discharge.'" (Dkt. No. 167 at 1–2.)

Defendant argues that Plaintiffs' response to Interrogatory 10 fails to comply with its directive because Plaintiffs improperly make "general references to deposition testimony and documents produced in discovery" rather than identifying specific responsive facts. (Dkt. No. 167 at 10.) In support of this assertion, Defendant argues that this district has found general references and narrative responses to interrogatory requests inappropriate when interrogatories request specific facts. (*Id.* at 11); *Rhea v. Washington Dep't of Corr.*, 2010 WL 5395009, at *5 (W.D. Wash. Dec. 27, 2010). Further, Defendant contends that this district has "'generally

refused to allow parties to answer interrogatories' by making general references to other material produced in discovery." (*Id.* at 10); *See also Wagner v. Fishing Co. of Alaska, Inc.*, 2008 WL 2813333, at *1–2 (W.D. Wash. July 18, 2008). Finally, Defendant argues that in response to Interrogatory 10, Plaintiffs have improperly relied "on the option to identify business records in Rule 33(d) by citing their opponent's documents" when this district has found that Rule 33(d) may only be invoked where the answers to interrogatories are found in the business records of the party responding to the interrogatory. (*Id.* at 12-13); *Calhoun v. Liberty Nw. Ins. Corp.*, 789 F. Supp. 1540, 1549 (W.D. Wash. 1992).

With regards to these allegations, Plaintiffs argue that "all of Plaintiffs' evidence of discharges has been produced in either written discovery responses, Plaintiffs' expert reports, or through Plaintiffs' witnesses deposition testimony," and that Defendant merely wants Plaintiffs "to organize the evidence they have produced in the manner preferred" by Defendant. (Dkt. No. 176 at 4-5.) Plaintiffs further argue that simply because Defendant disagrees "with Plaintiffs' theory of liability does not render Plaintiffs' discovery response inadequate." (*Id.* at 5.) Finally, Plaintiffs contend that because they offered to supplement their response to Interrogatory 10 with more detailed information, Defendant's motion to compel on this topic should be denied.

The Court agrees with Plaintiffs' assertions. There appears to be disagreement among the parties regarding what qualify as facts sufficient to support Plaintiffs' allegations in this case. However, as previously indicated, this is not the proper time to address the factual sufficiency of those allegations.

Further, the Court cannot agree that Plaintiffs' response to Interrogatory 10 is improper because it references expert opinions and other findings in a general and narrative fashion. Contrary to Defendant's assertions, this district granted a motion to compel because the

responding party's interrogatory response was incomplete, not because it lacked specificity. *See Rhea v. Washington Dep't of Corr.*, 2010 WL 5395009, at *5 (W.D. Wash. Dec. 27, 2010).

Additionally, while Defendant argues that Plaintiffs improperly reference documents previously produced in discovery and improperly invoke Rule 33(d) by directing Defendant to its own business records in search of factual support for their claims, the entirety of the facts used to support Plaintiffs' allegations have already been produced. Thus, the Court finds that referencing previously produced documents is not inappropriate, as Defendant's request is unnecessarily duplicative.

Finally, the Court agrees that providing Defendant with a detailed description of what Plaintiffs deem relevant in previously produced documents improperly infringes on attorney work product. *See* Fed. R. Civ. P. 26(b)(3)(B). Plaintiffs are required to make these documents accessible to Defendant, as they contain the factual information on which Plaintiffs have built their case. However, they are not required to articulate their entire theory of liability, premised on internal work-product, to better assist Defendant in preparing its defense. If Plaintiffs' contentions fail to meet their burden of proof, that will be illuminated at summary judgment and/or trial.

Defendant's motion to compel full discharge-by-discharge responses to Interrogatory 10 is DENIED. However, in order to narrow the amount of information Defendant must analyze in building its defense, the Court instructs Plaintiffs to direct Defendant to the specific documents previously produced in discovery that Plaintiffs rely on to make their factual assertions. Further, if Plaintiffs have not already done so, they shall supplement their response to Interrogatory 10 by providing "eyewitness accounts of examples of discharges and the presence of coal in and adjacent to navigable waters and the date of witnessing the presence of coal, along with expert

opinion that all coal and petcoke trains discharge under normal operating conditions," as stipulated in "Plaintiffs' Opposition to BNSF's Motion to Compel." (Dkt. No. 176 at 5.) If new factual information comes to light, Plaintiffs are required to supplement and update their response to Interrogatory 10 accordingly. *See* Fed. R. Civ. P. 26(e).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for a protective order (Dkt. No. 163) is GRANTED and Defendant's motion to compel (Dkt. No. 167) is DENIED.

DATED this 30th day of August 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE