THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIERRA CLUB, a California nonprofit corporation, et al.,<br><br>                    Plaintiff,<br><br>       v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>                    Defendant. | CASE NO. C13-967-JCC<br><br>ORDER GRANTING ASSOCIATION OF AMERICAN RAILROADS' MOTION TO FILE AN *AMICUS CURIAE* BRIEF |

This matter comes before the Court on the Association of American Railroads' motion for leave to file an *amicus curiae* brief (Dkt. No. 226). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.     BACKGROUND

The above-captioned matter is a Clean Water Act "citizen" suit in which seven environmental advocacy organizations allege that BNSF Railway Company—an operator of railway lines that run from Wyoming to Washington—violates federal law by allowing its railcars to discharge coal and related pollutants into protected waterways within Washington. (Dkt. No. 113.) Plaintiffs seek declaratory and injunctive relief against BNSF under the Clean Water Act for the allegedly unpermitted discharges, as well as "remedial relief, the imposition of

civil penalties, and the award of costs, including attorney and expert witness fees." (*Id.* at ¶ 6.)

On August 19, 2016, both parties filed motions for summary judgment. (Dkt. Nos. 197 and 200.) Defendant BNSF argues that Plaintiffs' requests for civil penalties and injunctive relief are preempted by the ICC Termination Act. (*See* Dkt. No. 200 at 33–47.) On August 22, 2016, the Association of American Railroads (AAR) filed a motion for leave to file an *amicus curiae* brief regarding "the application of the preemption provision of the ICC Termination Act . . . to Plaintiffs' requested injunctive relief." (Dkt. No. 226 at 2.)

## II. DISCUSSION

District courts have "broad discretion" regarding the appointment of *amici*. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). District courts frequently welcome *amicus* briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved." *Skokomish Indian Tribe v. Goldmark*, 2013 WL 5720053, at *1 (W.D. Wash. Oct. 21, 2013) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) and *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)). The Ninth Circuit has said "there is no rule that *amici* must be totally disinterested." *Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (citation omitted); *Hoptowit*, 682 F.2d at 1260 (upholding district court's appointment of *amicus curiae*, even though *amicus* entirely supported only one party's arguments).

Plaintiffs argue that the *amicus* brief should not be accepted because "it is a collusive attempt by a trade association to advocate against development and application of pollution control technology necessary to prevent discharges at issue in this case." (Dkt. No. 249 at 2.) However, the Court finds that AAR merely "take[s] a legal position and present[s] legal arguments in support of [that position]." *Funbus*, 801 F.2d at 1125 (citation omitted). Moreover, Plaintiffs' argument that the *amicus* brief should be denied because of AAR's interest in the outcome of this case is without merit. An *amicus* does not need to be wholly disinterested to file

an *amicus* brief. Further, the preemption issue could have ramifications beyond the current parties, making AAR's participation as an *amicus* appropriate here. Therefore, the Court grants AAR's motion for leave to file an *amicus* brief.

## III.     CONCLUSION

For the foregoing reasons, Association of American Railroads' motion for leave to file an *amicus curiae* brief (Dkt. No. 226) is GRANTED. Association of American Railroads filed an *amicus* brief as an exhibit to its motion for leave. (Dkt. No. 226-1.) Association of American Railroads is ORDERED to file that *amicus* brief (Dkt. No. 226-1) with the Court on its docket within 3 days of this order.

DATED this 13th day of September 2016.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE